Filed 4/7/23  P. v. Cramer CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO VICENTE CRAMER,<br><br>    Defendant and Appellant. | B323998<br><br>(Los Angeles County<br>Super. Ct. No. NA026502) |

THE COURT:

Defendant and appellant Armando Vicente Cramer (defendant) appeals from the denial of his petition for vacatur of his murder conviction and for resentencing under Penal Code former section 1170.95, now section 1172.6.[1]  Defendant's

---

[1]    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022,

appointed counsel found no arguable issues and filed a brief requesting that we exercise our discretion to conduct an independent review of the record according to the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436, or in the alternative, under the standard articulated *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Following the standard articulated *Delgadillo,* we consider defendant's supplemental brief and conduct a limited review of the record.  (See *Delgadillo*, at pp. 230–232.)  Finding no merit to defendant's appeal, we affirm the judgment.

## BACKGROUND

In 1996, defendant was convicted of attempted murder, which the jury found to have been willful, deliberate, and premeditated.  Defendant was also convicted of first degree residential burglary.  The jury also found true the allegations that in the commission of both offenses, defendant personally used a firearm (§12022.5, subd. (a)) and personally inflicted great bodily injury on the victim.  (§ 12022.7, subd. (a)).  The trial court found true that defendant had committed a serious or violent felony, alleged pursuant to section 1170.12, subdivisions (a) through (d) and section 667, subdivisions (b) through (i), the Three Strikes Law, and a prior conviction alleged pursuant to section 667.5, subdivision (b). The court sentenced defendant to a total term of 34 years to life in prison.  We affirmed the judgment in *People v. Cramer* (March 18, 1998, B102881) [nonpub. opn.].

---

ch. 58, § 10.)  We will refer to the section by its new numbering only.

All further unattributed code sections are to the Penal Code unless otherwise stated.

2

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added what is now section 1172.6, which provides a procedure for those convicted of murder or attempted murder to seek retroactive relief if they could not now be convicted under the amended laws. (§ 1172.6, subd. (a); see *People v. Lewis* (2021) 11 Cal.5th 952, 957.)

On March 15, 2022, defendant filed his section 1172.6 petition, alleging that an information had been filed against him which allowed the prosecution to proceed under a theory of felony murder, the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime; that he was convicted of attempted murder; and that he could not now be convicted of attempted murder because of the changes to sections 188 and 189 effective January 1, 2019. Defendant also filed a pro. per. petition to be resentenced under sections 1385, 1171, and 1171.1.[2] The trial court summarily denied defendant's petition,

---

[2]   Section 1171 was renumbered 1172.7 and amended by Stats. 2022, ch. 58, section 11, effective June 30, 2022, and section 1171.1 was renumbered 1172.75 and amended by Stats. 2022, ch. 58, section 12, also effective June 30, 2022. The trial court summarily denied defendant's petition prior to the hearing on the section 1172.6 petition, as recommendations for such relief

as motions of that kind must be made to the trial court by designated public agencies, not by individual defendants.

After counsel was appointed for defendant, the prosecutor filed an opposition to the section 1172.6 petition, including as exhibits the jury instructions and verdicts in defendant's 1996 trial, and our opinion in *People v. Cramer, supra,* B10288. Defense counsel in a reply brief, sought an independent review pursuant to *People v. Wende, supra,* 25 Cal.3d 436. Defendant's reply also included an invitation to the prosecutor to recommend resentencing under section 1170.03, (renumbered 1172.1, and now renumbered 1172.75). (See Stats. 2022, ch. 58, § 9.) Since the prosecutor did not make a section 1172.75 recommendation, the trial court did not consider that issue.

On September 1, 2022, the trial court heard the argument of defense counsel, while the prosecution submitted the matter without argument. The trial court noted that since the personal use of a firearm allegation was found true in defendant's trial, defendant was determined to be the actual shooter. The court also noted there had been no jury instructions given regarding the natural and probable consequences doctrine or aiding and abetting, thus no indication that anyone else was involved in the crime. Concluding that defendant had not made a prima facie

---

must be made to the trial court by designated public agencies, not by defendants themselves. (See §1172.7, subd. (a); §1172.75, subd. (b).) Without the proper recommendation the trial court did not have jurisdiction over the issues presented in defendant's pro. per. petition. (See e.g. *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

showing of eligibility under section 1172.6, the court denied the petition.

Defendant filed a timely notice of appeal from the court's order.

## DISCUSSION

After examination of the record appointed counsel filed an opening brief raising no issues. Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (See *id.*, at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. On February 8, 2023, we notified defendant of counsel's brief, gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned. Defendant then filed a supplemental brief within the time allowed but raised no issue regarding his section 1172.6 petition.

Instead, defendant asked that this court consider any benefit he might qualify for under any new laws, such as sections 1385, 1170, 1170.03, 1171, 1171.1, and any laws passed by the

5

Legislature in Senate Bills 483, 136, 1393, 620, 81, 567 and Assembly Bill 1540. Other than the denial of his section 1172.6 petition, defendant has not demonstrated that any of the cited statutes and legislative bills relate to any order that is made appealable by section 1237. As defendant has raised no issue regarding the denial of his section 1172.6 petition, the order which is subject to this appeal, we are thus not required to undertake an independent review of the record in search for arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.)

However, we "can readily confirm that . . . defendant is ineligible for relief as a matter of law without conducting an independent review of the *entire* record." (*Delgadillo*, *supra*, 14 Cal.5th at p. 230.) During the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) For example, where the record shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, or that petitioner was the actual perpetrator, he is ineligible for relief as a matter of law. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52–53, 55–56.)

Like the trial court, we have reviewed the jury instructions included with the prosecutor's response to the petition, and found no instructions regarding aiding and abetting, thereby demonstrating that defendant was the sole participant in the crime. We have also found no instructions regarding the felony murder rule or the natural and probable consequences doctrine. Our review of the verdicts confirm that the jury found that defendant premeditated the attempt to murder the victim and that he personally used a firearm in the commission of the crime.

6

The verdict and the instructions demonstrate that defendant was the actual perpetrator and ineligible for relief under section 1172.6 as a matter of law. (See *People v. Harden, supra,* 81 Cal.App.5th a pp. 55–56.) The trial court did not err in denying the petition.

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

HOFFSTADT, J.